**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.

| | |
|---|---|
| MICHAEL DORSEY | Case No. 4:04CR00281-03 JLH |
| KATRINA SOUKKASEUM (Deceased) | Case No. 4:04CR00281-04 JLH |
| MELISSA HORNER | Case No. 4:04CR00281-05 JLH |
| ARLENE LADD | Case No. 4:05CR00071-01 SWW |
| ROBERT BYRD | Case No. 4:05CR00073-01 SWW |
| DAVID FLEMING | Case No. 4:05CR00074-01 BSM |
| NICHOLE V. JONES | Case No. 4:05CR00082-01 JMM |

**ORDER**

The United States has filed a Motion for Clarification of Previous Court Orders Regarding Restitution in each of the above referenced cases. The Court finds that judicial economy dictates that the motions should be consolidated and addressed by one judge. The lowest numbered case is assigned to the docket of the undersigned. Therefore, the motions filed in case numbers 4:05CR00071-01 SWW; 4:05CR00073-01 SWW; 4:05CR00074-01 BSM; and 4:05CR00082-01 JMM will be addressed by this Court.

According to the motion, disbursement pursuant to the Court's orders cannot be accomplished because only three of the financial institutions designated to receive the payments remain ongoing, and none of the original mortgage loans exist as such, having been bundled and resold on secondary markets. The United States cites *United States v. Vanhorn*, 296 F.3d 713, 721 (8th Cir. 2002), for the proposition that the Court has continuing jurisdiction to modify its orders of mandatory restitution as the interests of justice require. The United States also argues that a perceived inequity has occurred as a result of the fact that the Court found that the United States failed to establish loss in the case against Nelson Miller, and the Eighth Circuit affirmed the

conclusion that Miller could not be required to pay restitution.  *United States v. Nelson Miller*, 588 F.3d 560 (8th Cir. 2009).  The motion states that the Clerk of the Court has collected more than $68,000 but has disbursed less than $5,000 and states that clarification is needed so that the remaining $63,000 in the registry of the Court can be disbursed or returned to the payor defendant.  The motion concludes in moving for clarification and, if appropriate, modification of the restitution scheduled in these cases.

The motion does not, however, include a specific request or recommendation as to how the restitution orders should be clarified or modified, nor does the motion state that the three financial institutions designated to receive the payments that remain ongoing have been given notice of the motion.  Therefore, the Court directs the United States to file a more specific request stating explicitly what the United States believes the restitution order in these cases should say.  The Court also directs the United States to consult with the institutions that have received and continue to receive payments, stating in the more specific motion whether the victims concur with or oppose the recommendations of the United States.  The more specific motion should include a list of the institutions to whom restitution payments were to be made that no longer exist, a list of institutions to whom restitution payments were to be made that continue to exist, and a certification that the more specific motion has been served on the appropriate representative of the institutions that continue to receive restitution payments.

IT IS SO ORDERED this 4th day of June, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE